**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Glen J. Adams | TCF National Bank |

| ATTORNEYS (Firm Name, Address, and Telephone No.) Paul J. Smigielski (P57464) 51543 Van Dyke Shelby Twp., MI 48316  (586) 232-3153 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only) ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☐ Trustee | PARTY (Check One Box Only) ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☒ Creditor ☐ Other ☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Complaint to determine interest in real property.

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Glen J. Adams | BANKRUPTCY CASE NO.<br>16-49432 |||
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Michigan | DIVISION OFFICE<br>Detroit || NAME OF JUDGE<br>Marci B. McIvor |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Paul J. Smigielski ||||
| DATE<br><br>8/18/16 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Paul J. Smigielski |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-DETROIT

*In re:*
**Glen J. Adams**

Debtor(s).

Chapter: 13
Case Number: 16-49432-mbm
Judge: Marci B. McIvor

_____/

GLEN J. ADAMS,
 Plaintiff,

v

TCF NATIONAL BANK,
 Defendant.

Adversary Case No.

_____/

## COMPLAINT TO DETERMINE INTEREST IN REAL PROPERTY

Now Comes Plaintiff, Glen J. Adams, by and through his attorney of records and for his Complaint against creditor TCF National Bank states as follows:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. 157(a) and (b)(1) and Bankruptcy Rule 7001. This matter is a "core proceeding" pursuant to 28 U.S.C. 157(b)(2)(K).

2. On June 30, 2016, Debtor Glen J. Adams ("Debtor") filed a Chapter 13 bankruptcy under Title 11 of the United States Bankruptcy Code, which case was assigned Case No. 16-49432.

3. Debtor listed in the Chapter 13 Plan his homestead located at 1432 Washington, Port Huron, MI 48060, which property is more particularly described as (the "Property"):

> East ½ of Lots 10 and 11 of George Fish's Subdivision; according to the Plat thereof, as recorded in Liber 12, Page 114, St. Clair County Records.
>
> Parcel No. 06-356-0010-000

4. At the time Debtor filed his Chapter 13 Petition, Debtor valued his homestead at $82,000.00 and Debtor's homestead was last appraised at $80,000.00 in November 2015. Exhibit 1.

5. There are two mortgages secured against the Property:

a.      A first mortgage dated December 11, 2012 in the original principal amount of $92,158.00 and recorded on December 28, 2012 in Liber 4340, Page 662, St. Clair County Records ("Chase First Mortgage"). Exhibit 2.

b.      A second mortgage dated July 29, 2005 in the original principal amount of $25,400.00 and recorded on August 15, 2005 in Liber 3401, Page 129, St. Clair County Records (the "TCF Second Mortgage"), which mortgage was subordinated to the Chase First Mortgage by a subordination agreement recorded on December 28, 2012 in Liber 4340, Page 681, St. Clair County Records. Exhibits 3 and 4.

6.      Under 11 U.S.C. 506(a), a creditor is allowed to have a secured claim to the extent of the value of its interest and an unsecured claim to the extent that the creditor's interest is less than the amount of its allowed secured claim.

7.      A lien claimant's lien without value secured against Debtor's homestead may be subject to modification in the Chapter 13 Plan. <u>Nobelman v American Savings Bank</u>, 508 U.S. 324 (1993).

8.      The TCF Second Mortgage is wholly unsecured because no equity exists from the value to debt ratio of the senior mortgage lien and the value of the Property.

9.      The TCF Second Mortgage should be stripped from the Property and treated as an unsecured claim in Debtor's Chapter 13 Plan.

WHEREFORE Plaintiff respectfully requests that this Honorable Court enter an order as follows:

A.      That upon completion of the Debtor's Chapter 13 Plan and the entry of a Chapter 13 discharge order in the underlying bankruptcy case, the junior mortgage held by TCF dated July 29, 2005 in the original principal amount of $25,400.00 and recorded on August 15, 2005 in Liber 3401, Page 129, St. Clair County Records be stripped from the Property and discharged;

B.      That upon completion of the Debtor's Chapter 13 Plan and entry of a Chapter 13 discharge order in the underlying bankruptcy case, Debtor may record a certified copy of this Court's order in this matter in the office of the St. Clair County Register of Deeds, which recording shall constitute and effectuate a discharge of the TCF Second Mortgage;

C. That if the Debtor fails to complete the Chapter 13 Plan and obtain a Chapter 13 discharge order, an order entered in this matter stripping the TCF Second Mortgage from the Property shall not affect the validity or enforceability of the TCF Second Mortgage and may not be used in any subsequent bankruptcy case of the debtor either to compel the holder of the TCF Second Mortgage to execute a discharge of mortgage or to otherwise act as a discharge of mortgage; and

D. Award such other and further relief in favor of Plaintiff as this Court deems just and equitable.

Respectfully submitted,

Dated: 8/18/16

/s/ Paul J. Smigielski
Paul J. Smigielski (P57464)
Attorney for Debtor
51543 Van Dyke
Shelby Twp., MI 48316
(586) 232-3153