UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Glen J. Adams,

                Debtor.

_____/

Case No.: 16-49432
Chapter 13
Hon.: Marci B. McIvor

Glen J. Adams,

                Plaintiff,

vs.

TCF National Bank,

                Defendant.

_____/

Adversary Proceedings No.: 16-04811

## STIPULATION FOR AN ORDER DETERMINING THE EXTENT OF THE MORTGAGE LIEN HELD BY TCF NATIONAL BANK RECORDED ON AUGUST 15, 2005, IN LIBER 3401, PAGE 129, ST. CLAIR COUNTY REGISTER OF DEEDS

NOW COMES Plaintiff Glen J. Adams ("Plaintiff"), by and through his counsel, Paul J. Smigielski & Assoc., PLLC and Defendant TCF National Bank, a national banking association ("TCF"), by and through its counsel, Shaheen, Jacobs & Ross, P.C., and for their Stipulation for an Order Determining the Extent of the Mortgage Lien held by TCF National Bank Recorded on August 15, 2005, in Liber 3401, Page 129, St. Clair County Register of Deeds, states as follows:

1. TCF holds a mortgage lien covering the following described real property, situated in the City of Port Huron, County of St. Clair, State of Michigan, and further described as follows:

> EAST 1/2 OF LOTS 10 AND 11 OF GEORGE FISH'S SUBDIVISION, ACCORDING TO THE PLAT THEREOF AS RECORDED IN LIBER 12 OF PLATS, PAGE 114
>
> Tax Identification No.: 74063560010000
> Commonly known as: 1432 Washington Ave., Port Huron, MI 48060 ("Property")

SHAHEEN, JACOBS & ROSS, P.C.    1425 FORD BUILDING · 615 GRISWOLD STREET · DETROIT, MICHIGAN 48226-3993

2. TCF is a secured creditor of the Plaintiff, in part, by reason of the Plaintiff executing and delivering a Real Estate Secured Variable Rate Agreement and Disclosure Open End CommandCredit Plus – Home Equity Line of Credit Agreement and Disclosure Statement dated July 29, 2005 in the face amount of $25,400 ("Agreement") to TCF secured by a CommandCredit Plus Mortgage dated July 29, 2005, recorded on August 15, 2005 in Liber 3401, Page 129, St. Clair County Register of Deeds ("Mortgage") covering the Property.

3. This Stipulation and the attached Order in no way modified or effects any other loans made by TCF to the Plaintiff or any other mortgage liens held by TCF covering the Plaintiff's property, whether in the Plaintiff's Chapter 13 Plan or otherwise.

4. On June 30, 2016, the Plaintiff filed a Petition under Chapter 13 of the Bankruptcy Code.

5. On August 23, 2016, the Plaintiff filed an Adversary Complaint to determine the validity, priority or extent of the Mortgage held by TCF on the Property.

6. The Plaintiff and TCF have agreed that TCF's Mortgage covering the Property shall be discharged on the condition that the Plaintiff successfully completes his Chapter 13 Plan in its entirety and receives a Chapter 13 Discharge Order in Case No.: 16-49432 issued by the bankruptcy court.

7. On the condition that the Plaintiff successfully completes his Chapter 13 Plan in its entirety and receives a Chapter 13 Discharge Order in Case No.: 16-49432 issued by the bankruptcy court, TCF shall record with the St. Clair County Register of Deeds a discharge of the Mortgage covering the Property. That in the event TCF, its successors or assigns, fails to discharge its Mortgage upon the Plaintiff successfully completing his Chapter 13 Plan in its entirety and receiving a Chapter 13 Discharge Order in Case No.: 16-49432 issued by the bankruptcy court, then the Plaintiff shall send written notice to TCF National Bank, Attention: Bankruptcy Department, 17440 College Parkway, Livonia, Michigan 48152 and to Shaheen, Jacobs & Ross, P.C., Attention: Eric J. Carmichael, Esq.,

SHAHEEN, JACOBS & ROSS, P.C. · 1425 FORD BUILDING · 615 GRISWOLD STREET · DETROIT, MICHIGAN 48226-3993

2

1425 Ford Building, 615 Griswold, Detroit, Michigan 48226-3993, requesting that TCF file a discharge of its Mortgage and if TCF has not discharged its Mortgage thirty (30) days from the date the notice is sent, the Plaintiff may record a copy of his Chapter 13 Discharge Order entered in Case No.: 16-49432 along with a certified copy of the attached Order with the St. Clair County Register of Deeds, which shall act as a discharge of TCF's Mortgage covering the Property only.

8.    In the event the Plaintiff fails to complete his Chapter 13 plan in its entirety or receive a Chapter 13 Discharge Order in Case No.: 16-49432, the parties agree that this Stipulation and the attached Order shall be abrogated, null and void and that TCF shall not be obligated to discharge its Mortgage covering the Property and that this Stipulation and the attached Order cannot be used in any subsequent bankruptcy filing by the Plaintiff to compel TCF to discharge its Mortgage covering the Property.

9.    In the event the Plaintiff refinances any loan secured by the Property or sells the Property prior to completing his Chapter 13 Plan in its entirety and receiving a Chapter 13 Discharge Order in Case No.: 16-49432, then TCF's Mortgage covering the Property shall be paid in full at closing.

10.    In the event the Property is destroyed or damaged, TCF is entitled to its full rights as loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due under the Agreement and Mortgage.

11.    The parties also agree that if TCF receives any payments from the Chapter 13 Trustee as to its Proof of Claim relating to the Agreement and Mortgage, but the Plaintiff fails to complete his Chapter 13 Plan in its entirety or receive a Chapter 13 Discharge Order in Case No.: 16-49432 that those payments shall be applied to TCF's secured loan relating to the Agreement and Mortgage.

3

WHEREFORE, the above captioned parties, through their respective counsel, do hereby stipulate to the entry of the order attached hereto as Exhibit "A" with notice and presentment of hereby waived.

PAUL J. SMIGIELSKI & ASSOC., PLLC

By: _Paul Smigielski_ w/consent EJC

Paul J. Smigielski (P57464)
Attorneys for Plaintiff
P.O. Box 468
Washington, Michigan 48094
(586) 232-3153
paul@pjslaw.net

Dated: _October 10_, 2016

SHAHEEN, JACOBS & ROSS, P.C.

By: _____

Eric J. Carmichael (P69851)
Attorneys for Defendant TCF National Bank
615 Griswold, 1425 Ford Building
Detroit, Michigan 48226
(313) 963-1301
ecarmichael@sjrlaw.com

Dated: _October 10_, 2016

F:\Document\TCF\CONSUMER COLLECTION\Adams, Glen\Adversary Proceeding 8 23 16\Order Resolving Adversary Proceeding - Stipulation.docx

SHAHEEN, JACOBS & ROSS, P.C.   ·   1425 FORD BUILDING   ·   615 GRISWOLD STREET   ·   DETROIT, MICHIGAN 48226-3993

4

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Glen J. Adams,

Debtor.

_____/

Case No.: 16-49432
Chapter 13
Hon.: Marci B. McIvor

Glen J. Adams,

Plaintiff,

vs.

TCF National Bank,

Defendant.

_____/

Adversary Proceedings No.: 16-04811

## ORDER DETERMINING THE EXTENT OF THE MORTGAGE LIEN HELD BY TCF NATIONAL BANK RECORDED ON AUGUST 15, 2005, IN LIBER 3401, PAGE 129, ST. CLAIR COUNTY REGISTER OF DEEDS

This matter having come before the Court upon the stipulation by Plaintiff Glen J. Adams ("Plaintiff"), by and through his counsel, Paul J. Smigielski & Assoc., PLLC and Defendant TCF National Bank, a national banking association ("TCF"), by and through its counsel, Shaheen, Jacobs & Ross, P.C.; and the Court being otherwise fully advised in the premises:

**IT IS HEREBY ORDERED** that upon the Plaintiff successfully completing his Chapter 13 Plan in its entirety and receiving a Chapter 13 Discharge Order in Case No.: 16-49432 issued by the bankruptcy court, that TCF's CommandCredit Plus Mortgage dated July 29, 2005, recorded on August 15, 2005 in Liber 3401, Page 129, St. Clair County Register of Deeds ("Mortgage"), covering the following described real property situated in the City of Port Huron, County of St. Clair, State of Michigan and further described as follows:

EXHIBIT "A"

EAST 1/2 OF LOTS 10 AND 11 OF GEORGE FISH'S SUBDIVISION, ACCORDING TO THE PLAT THEREOF AS RECORDED IN LIBER 12 OF PLATS, PAGE 114

Tax Identification No.: 74063560010000
Commonly known as: 1432 Washington Ave., Port Huron, MI 48060 ("Property")

shall be discharged.

**IT IS HEREBY FURTHER ORDERED**, that this Order in no way modifies or effects any other loans made by TCF to the Plaintiff or any other mortgage liens held by TCF covering the Plaintiff's property, whether in the Plaintiff's Chapter 13 Plan or otherwise.

**IT IS HEREBY FURTHER ORDERED**, that in the event the Plaintiff fails to complete his Chapter 13 Plan in its entirety or receive a Chapter 13 Discharge Order in Case No.: 16-49432, the parties agree that this Order shall be abrogated, null and void and that TCF shall not be obligated to discharge its Mortgage covering the Property and that this Order cannot be used in any subsequent bankruptcy filing by the Plaintiff to compel TCF to discharge its Mortgage covering the Property.

**IT IS HEREBY FURTHER ORDERED**, that on the condition that the Plaintiff successfully completes his Chapter 13 Plan in its entirety and receives a Chapter 13 Discharge Order in Case No.: 16-49432 issued by the bankruptcy court, then TCF shall record with the St. Clair County Register of Deeds a discharge of the Mortgage covering the Property. That in the event TCF, its successors or assigns, fails to discharge its Mortgage covering the Property upon the Plaintiff successfully completing his Chapter 13 Plan in its entirety and receiving a Chapter 13 Discharge Order in Case No.: 16-49432 issued by the bankruptcy court, then the Plaintiff shall send written notice to TCF National Bank, Attention: Bankruptcy Department, 17440 College Parkway, Livonia, Michigan 48152 and to Shaheen, Jacobs & Ross, P.C., Attention: Eric J. Carmichael, Esq., 1425 Ford Building, 615 Griswold, Detroit, Michigan 48226-3993 requesting that TCF file a discharge of its Mortgage covering the Property and if TCF has not discharged its Mortgage thirty (30) days from the date the notice is sent, the Plaintiff may record a copy of his

Chapter 13 Discharge Order entered in Case No.: 16-49432 along with a certified copy of this Order with the St. Clair County Register of Deeds, which shall act as a discharge of TCF's Mortgage covering the Property.

**IT IS HEREBY FURTHER ORDERED,** that in the event the Plaintiff refinances any loan secured by the Property or sells the Property prior to completing his Chapter 13 Plan in its entirety and receiving a Chapter 13 Discharge Order in Case No.: 16-49432, then TCF's Mortgage loan shall be paid in full at closing.

**IT IS HEREBY FURTHER ORDERED,** that in the event the Property is destroyed or damaged, TCF is entitled to its full rights as loss payee with respect to the insurance proceeds and has a security interest in such proceeds up to the entire balance due under its Mortgage loan.

**IT IS HEREBY FURTHER ORDERED,** that if TCF receives any payments from the Chapter 13 Trustee as to its Proof of Claim relating to the Mortgage loan, but the Plaintiff fails to complete his Chapter 13 Plan in its entirety or receive a Chapter 13 Discharge Order in Case No.: 16-49432 that those payments shall be applied to TCF's secured Mortgage loan.